**State of Minnesota**                       **District Court**

| County of Hennepin | Judicial District: | Fourth |
|---|---|---|
| | Court File Number: | |
| | Assigned Judge: | |
| | Case Type: | |
| | | Civil |

Cory Larsen
Plaintiff

VS.                                                **SUMMONS**

Comenity LLC D/B/A Comenity Capital Bank
D/B/A Comenity Bank, Comenity Operating
Co. LLC, and Comenity Servicing LLC
Defendants

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

        619 South Tenth Street
        Suite 301
        Minneapolis, MN 55404

    3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for



EXHIBIT A

the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 26, 2015           Respectfully,

MADGETT & CHAN, LLC
Ryan D. Peterson (#0389607)
David J.S. Madgett (#03900494)
619 South Tenth Street
Suite 301
Minneapolis, MN 55404
(612) 367-6568
rpeterson@madgettlaw.com
dmadgett@madgettlaw.com
ATTORNEYS FOR PLAINTIFF

**STATE OF MINNESOTA**
**County of Hennepin**

Judicial District:
Case Type:

**DISTRICT COURT**
Fourth (Hennepin)
Civil

)
)
)
Cory Larsen                              )
Plaintiff                                )
                                         )
vs.                                      )
                                         )
Comenity LLC D/B/A Comenity Capital      )
Bank D/B/A Comenity Bank, Comenity       )
Operating Co. LLC, and Comenity Servicing )
LLC                                      )
Defendants                               )

**COMPLAINT**

PLAINTIFF, as and for his causes of action (i.e., violations of the Telephone Consumer Protection

Act and invasion of privacy under the common law of Minnesota) against the above-named

defendant, states and alleges as follows:

### Introduction

1.      The following case alleges prolonged harassment by Defendant.  On an ongoing basis

Defendant used an automatic telephone dialing system (the "Autodialing System") to repeatedly

call and harass Plaintiff on his personal cell phone. Defendant continued this behavior despite

repeated requests from Plaintiff that Defendant cease communication. Without further recourse

available, Plaintiff commenced this action.

### Statement of Jurisdiction

2.      This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01 and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b)(3).

### Venue

3.      Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

### Parties

4.      Plaintiff Cory Larsen is an adult resident of Hennepin County, Minnesota.

5.      Defendant is a foreign corporation not licensed to conduct business in the state of Minnesota.

6.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

### Facts

7.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8.      Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9.      Plaintiff's telephone number, (xxx) xxx-0709, is assigned to a "cellular telephone service" as that term is used in 47 U.S.C. § 227 (b)(1)(A)(ii).

10.     Plaintiff is informed and believes, and thereon alleges, that on multiple occasions all prior to the date this complaint was filed, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

11.   On several occasions Defendant's auto-dialing system would dial Plaintiff; when Plaintiff answered these phone calls, a representative was either entirely unavailable or a pre-recorded message came on the line.

12.   The telephone number Defendant called was assigned to a cellular telephone service, pursuant to 47 U.S.C. § 227 (b)(1).

13.   Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

14.   Defendant placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

15.   On several occasions Plaintiff requested that Defendant stop calling him, yet the calls in question continued.

16.   Defendant clearly placed the aforementioned calls with a direct intention of harassing Plaintiff.

17.   The calls in question were offensive and intrusive in that the calls were made in both an unreasonable volume and were often placed before 8:00 a.m. and after 9:00 p.m.

18.   In addition to the calls in question, Defendant sent Plaintiff unsolicited text messages demanding payment and, in some cases, marketing other banking services.

## Specific Claims

Count I - Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

19.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

21.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

22.    Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

Count II – Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

23.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

25.    As a result of Defendant's knowing and/ or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Count III – Common Law Invasion of Privacy by Intrusion Upon Seclusion

26.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The foregoing calls placed by Defendant constitute an intentional intrusion upon the seclusion of Plaintiff.

28.     Plaintiff has a reasonable expectation of privacy in that he reasonably does not expect to be repeatedly called on his cellular telephone before 8:00 a.m. and after 9:00 p.m.

29.     Plaintiff has a reasonable expectation of privacy in that persons calling his cellular phone are not intending to harass him.

30.     Both the timing and the sheer volume of calls were highly offensive to Plaintiff and would be similarly offensive to a reasonable Minnesota consumer.

31.     As a result of Defendant's invasion upon the seclusion of Plaintiff, Plaintiff is entitled to damages including such fair compensation as a court or jury may deem appropriate.

**Jury Demand**

32.     Plaintiff hereby demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff, Cory Larsen, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.      All actual compensatory damages suffered;

b.      Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

## Acknowledgement

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.


Dated: June 26, 2015        By:

David J.S. Madgett
ATTORNEY FOR PLAINTIFF